## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STATE OF CALIFORNIA, *et al.* | |
| Plaintiff, | Case No. 1:25-cv-13829-LTS |
| v. | Judge Leo T. Sorokin |
| KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et al.* | |
| Defendants. | |

**UNOPPOSED MOTION BY FEDERATION FOR AMERICAN IMMIGRATION REFORM FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE* IN SUPPORT OF DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT**

MATTHEW JAMES O'BRIEN
Federation for American Immigration Reform
25 Massachusetts Ave NW, Suite 335
Washington, DC 20001
Telephone: (202) 328-7004
Fax: (202) 387-3447
mobrien@fairus.org

Counsel for *Amicus Curiae*
Federation for American Immigration Reform

Federation for American Immigration Reform (FAIR), by and through undersigned counsel, respectfully moves this Court pursuant to Fed. R. Civ. P. 7 for leave to file an *amicus curiae* brief in the above-captioned matter in support of Defendant's cross-motion for summary judgment. FAIR's proposed *amicus* brief is attached to this motion. Counsel for *amicus* has conferred with counsels for all parties. Defendants consent to this motion, and Plaintiffs are unopposed. In furtherance of this motion, *amicus* FAIR states as follows:

1.      FAIR is a nonprofit corporation and membership organization that was founded in 1979 and has its principal place of business in Washington, D.C. FAIR's mission is to advocate for immigration policy that is in America's best interest. FAIR has been involved in more than 100 legal cases since 1980, either as a party or *amicus curiae*, with the aim of advancing this mission. Because the decision in this case will impact the ability of the federal government to protect American workers, FAIR thus has a direct and vital interest in the outcome of this case

2.      "'The extent, if any, to which an *amicus curiae* should be permitted to participate in a pending action is solely within the broad discretion of the district court.'" *Sierra Club v. Fed. Emergency Mgmt. Agency*, 2007 U.S. Dist. LEXIS 84230, at *2 (S.D. Tex. Nov. 14, 2007) (quoting *Waste Mgmt. of Pa., Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995)). Unlike the corresponding appellate rules, the federal and local rules applicable here do not specifically address *amicus* briefs. Nonetheless, the appellate rules' criteria for granting leave to file *amicus* briefs can be looked to in support of FAIR's motion. The Advisory Committee Note to the 1998 amendments to Rule 29 explains that "[t]he amended rule … requires that the motion state the relevance of the matters asserted to the disposition of the case" as "ordinarily the most compelling reason for granting leave to file." Fed. R. App. P. 29, Advisory Committee Notes, 1998 Amendment. As then-Judge Samuel Alito wrote for the Third Circuit, "I think that our court

1

would be well advised to grant motions for leave to file amicus briefs unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted. I believe that this is consistent with the predominant practice in the courts of appeals." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 133 (3d Cir. 2002) (citing Michael E. Tigar and Jane B. Tigar, Federal Appeals—Jurisdiction And Practice 181 (3d ed. 1999) and Robert L. Stern, Appellate Practice In The United States 306, 307-08 (2d ed. 1989)). Then-Judge Alito quoted the Tigar treatise favorably for the statement that "[e]ven when the other side refuses to consent to an amicus filing, most courts of appeals freely grant leave to file, provided the brief is timely and well-reasoned." 293 F.3d at 133.

3.    FAIR's proffered brief will bring the following relevant matters to the Court's attention:

- FAIR demonstrates that the President's authority to exclude or impose conditions on the entry of aliens is not subject to judicial review under the APA;

- Alternatively, FAIR shows that even if the President's action were subject to judicial scrutiny, the imposition of a fee for H-1B workers is rational and well-supported by the facts; and

- Congress's fee structure does not constrain the President's inherent authority to exclude or impose conditions on the entry of aliens.

Because these issues are relevant to this Court's decision on Defendants' cross-motion for summary judgment, FAIR's brief may aid the Court.

//

//

For the foregoing reasons, FAIR respectfully requests that the Court grant this Motion for Leave to file the accompanying brief as *amicus curiae*.

Dated: March 17, 2026                       Respectfully submitted,


/s/ Matthew James O'Brien

MATTHEW JAMES O'BRIEN
Federation for American Immigration Reform
25 Massachusetts Ave NW, Suite 335
Washington, DC 20001
(202) 328-7004
mobrien@fairus.org

Counsel for *Amicus Curiae*
Federation for American Immigration Reform

3

## **CERTIFICATE OF CONFERRAL**

I hereby certify that counsel for *Amicus* FAIR has contacted counsel for all parties about the relief sought in this motion. Defendants consent to this motion, and Plaintiffs do not oppose.

Dated: March 17, 2026

Respectfully submitted,

/s/ Matthew James O'Brien
MATTHEW JAMES O'BRIEN
Federation for American Immigration Reform
25 Massachusetts Ave NW, Suite 335
Washington, DC 20001
(202) 328-7004
mobrien@fairus.org

Counsel for *Amicus Curiae*
Federation for American Immigration Reform

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 17, 2026, I filed the foregoing motion, along with the attached *amicus brief* and proposed order, through the Court's CM/ECF system. Notice of this filing will be sent electronically to registered participants of record as identified on the Notice of Electronic Filing (NEF). Paper copies will be sent to any non-registered participants.

/s/ Matthew James O'Brien